UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAMONA RIGNEY, | |
|         Petitioner, | Case No. C19-548-RSL-MLP |
| v. | |
| ISRAEL JACQUEZ, *et al.*, | REPORT AND RECOMMENDATION |
|         Respondents. | |

      Petitioner Ramona Rigney is a federal prisoner who is currently under the supervision of the Residential Reentry Management Field Office in Seattle, Washington as she serves the remainder of a federal sentence imposed in this District. She has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. # 4.) Petitioner asserts in her petition that she is being unlawfully deprived of good time credits because the Federal Bureau of Prisons ("BOP") has not recalculated the application of such credits to her sentence in accordance with the First Step Act of 2018. (*See id*. at 3-5.) Petitioner asks that the Court direct the BOP to recalculate her good time credits and to declare that the new calculation governs her release date. (*Id*. at 5.) If the requested relief is granted, Petitioner contends she would be entitled to an additional 49 days of good time credit and would have a projected release date of May 30, 2019. (*Id*. at 3.)

REPORT AND RECOMMENDATION - 1

Respondent, in his answer to the petition, contends that Petitioner's petition is premature and unripe because the provision of the First Step Act under which she seeks relief has not yet taken effect and will not take effect until July 19, 2019. (Dkt. # 7 at 3-4.) Respondent notes that other district courts that have considered petitions alleging claims similar to those presented by Petitioner have denied relief because the amendment has not yet taken effect. (*See id*. at 4-5.) Respondent also contends that relief is not appropriate because Petitioner failed to exhaust her administrative remedies. (*Id*. at 6-8.)

Petitioner's claim for relief arises out provisions of the First Step Act which was signed into law on December 21, 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). Subsection 102(b)(1) of the Act amended 18 U.S.C. § 3624(b)(1) to change the method by which the BOP calculates good conduct time credits. This amendment permits federal inmates to earn up to 54 days of good conduct time for each year of the sentence imposed, rather than the effective rate of 47 days of credit that resulted from the manner in which the BOP calculated good time credit under § 3624(b)(1) prior to the amendment. Subsection 102(b)(2) of the Act delays implementation of all amendments to § 3624 until 210 days following enactment of the Act, or until July 19, 2019. It is this "effective date" provision which is at the heart of this case.

The instant petition is one of a large number of § 2241 habeas petitions filed by federal prisoners seeking release prior to July 19, 2019.[1] In the first of that group of cases to be

---

[1] *See e.g.*, *Acedo v. Jacquez,* C19-529 RSM-MLP (alleging release date of July 6, 2019); *Corbett v. Jacquez*, C19-531 MJP-BAT (alleging release date of July 7, 2019); *Gandarilla-Duarte v. Jacquez*, C19-535-RSL-MAT (alleging release date of June 16, 2019); *Garcia-Orante v. Jacquez*, C19-536 RAJ-MLP (alleging release date of June 2, 2019); *Soundingsides v. Jacquez*, C19-544 JCC-MLP (alleging release date of June 20, 2019); *Turner v. Jacquez*, C19-545-JCC-BAT (alleging release date of June 12, 2019); *Rigney v. Jacquez*, C19-548 RSL-MLP (alleging release date of May 30, 2019); *Corbitt v. Jacquez*, C19-549-TSZ-MAT (alleging release date of May 10, 2019); *Johnston v. Jacquez*, C19-550 JLR-BAT (alleging release date of

REPORT AND RECOMMENDATION - 2

considered in this Court, *Johnston v. Jacquez,* C19-550 JLR-BAT, United States Magistrate Judge Brian Tsuchida issued a Report and Recommendation recommending that relief be denied. Dkt. # 12. In so doing, however, Judge Tsuchida expressly rejected the Respondent's arguments that the petition was subject to dismissal because it was unripe and because the Petitioner failed to exhaust her administrative remedies. With respect to the issue of ripeness, Judge Tsuchida noted that the gravamen of the Petitioner's petition was that the good time fix amendment should have taken effect immediately upon enactment of the First Step Act on December 21, 2018, and that if the Court had accepted her argument she would have been entitled to release prior to July 19, 2019. Judge Tsuchida explained that forcing the Petitioner to wait until the amendment took effect would moot her claim, and he therefore found the petition ripe. *Id*. at 8-10.

With respect to the issue of exhaustion, Judge Tsuchida concluded that requiring the Petitioner to exhaust her administrative remedies would be futile because the BOP has predetermined the issue, making clear that any requests for the calculation of good time credits under the amended statute will be denied because the statute is not effective immediately. *Id*. at 10-12.

Judge Tsuchida then moved on to consideration of the merits of the Petitioner's claims, concluding that the petition should be denied because subsection 102(b)(1) of the Act, the good time fix amendment, has not yet taken effect and, under the specific terms of the Act, will not take effect until July 19, 2019. *See id*. at 15-20. Judge Tsuchida also rejected the Petitioner's claim that the delayed implementation of the good time fix amendment violated her due process and equal protection rights. *Id*. at 12-15.

---

April 29, 2019); and, *Worthy v. Jacquez,* C19-783-JLR-MLP (alleging release date of July 16, 2019).

REPORT AND RECOMMENDATION - 3

Judge Tsuchida subsequently issued a Report and Recommendation in another similar case, *Turner v. Jacquez*, C19-545-JCC-BAT, in which he reached the same conclusions as he did in *Johnston* and once again recommended denial of the petition. Dkt. # 8. The District Judges of this Court have not yet had an opportunity to consider the recommendations of Judge Tsuchida in the two cases cited above. However, this Court concurs with Judge Tsuchida's reasoning and conclusions and sees no basis on which to distinguish the present case from either *Johnston* or *Turner*. This Court therefore adopts the reasoning and conclusions of Judge Tsuchida in *Johnston* and *Turner* and, consistent with those cases, recommends that Petitioner's habeas petition seeking recalculation of her good time credits under the First Step Act be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **fourteen (14)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

DATED this 7th day of June, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4